# EXHIBIT A



DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
www.dlapiper.com

Angela C Agrusa
angela.agrusa@dlapiper.com
T  310.500.3591
F  310.595.3361

July 12, 2018
*VIA UPS AND FAX*

AT&T Global Legal Demand Center
11760 US Highway 1
Suite 600
North Palm Beach, FL 33408-3029
Tel: (800) 635-6840
Fax: (800) 938-4715

Re:   *Broidy* Litigation Subpoena, AT&T File No. 249130.001
      **Account Number:** ▇▇▇▇▇▇▇▇

To Whom It May Concern:

DLA Piper LLP (US) has been retained by Sport Trinity LLC ("Sport Trinity") to represent its principals in connection with a subpoena AT&T received from Plaintiffs Broidy Capital Management LLC and Elliott Broidy in the lawsuit styled *Broidy Capital Management LLC et al. v. State of Qatar et al.*, Case No. 2:18-cv-2421-JFW-E, which is pending in the United States District Court, Central District of California (the "*Broidy* Litigation") for Account Number ▇▇▇▇▇▇▇▇ (the "Subpoena").[1]

We write to inform you that, as set forth below, Sport Trinity objects to the Subpoena and that in the absence of withdrawal by the Plaintiffs, intends to move the Court to quash the Subpoena. Accordingly, until such time as the Subpoena is withdrawn or we obtain a ruling from the Court on our anticipated motion to quash, AT&T shall not release the information sought in the Subpoena.

The Subpoena is not only overbroad and burdensome, it seeks to violate our client's rights of privacy and protections afforded under the laws of privilege. The Subpoena seeks, among other things call logs, text messages, SMS logs, and other documents associated with phone number (310) 554-3646, a phone number purportedly attached to the above-referenced account number. Plaintiffs make no effort to limit the content sought to information relevant to the *Broidy* Litigation, seeking to undertake a fishing expedition without oversight or input from our client, the owner of the Account, or its principals. The text messages and SMS logs contain highly sensitive and personal information, including information that may be protected by the attorney-client privilege, trade secret or confidential business information, and other private or personal information that has no bearing on the *Broidy* Litigation.

Indeed, the Subpoena is highly intrusive, harassing, and fails to meet the proportionality test codified in Rule 26 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Rule 26(b)(1) permits the discovery of non-privileged matter that is "relevant to any party's claim or defense and proportional to the needs of the

---

[1] For your convenience, a copy of the Subpoena is attached.



case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The mere hope that "there might be something of relevance" is insufficient. *Tompkins v. Detroit Met. Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012); *Burdette v. Panola Cnty.*, 2015 WL 452489, at *1 (N.D. Miss. Feb. 4, 2015) (finding that subpoena seeking the plaintiff's phone records and text messages was irrelevant where there was no evidence that the records had any bearing on the plaintiff's claims); *Sharp v. Baltimore City Police Dep't*, No. CCB-11-2888, 2013 WL 937903, at *3 (D. Md. Mar. 1, 2013) (where one party "seem[s] engaged in an attempt to uncover 'dirt' on the [other party], rather than truly investigate the facts relevant to... [the] incident[,]" the subpoena used in an attempt to dig up the dirt should be suppressed); *Raap v. Brier & Thorn*, No. 17-MC-3001, 2017 WL 2462823, at *4 (C.D. Ill. July 7, 2017) (quashing non-party subpoena that sought documents "without any reference to the subject matter of Plaintiff's lawsuit").

As stated above, we will be communicating our concerns to Plaintiffs' counsel, and believe that Plaintiffs' counsel will be required to withdraw (and/or substantially narrow the scope of the) Subpoena. Absent withdrawal, however, we will have no choice but to seek relief from the Court. We request that AT&T confirm in writing that it intends to take no further action in response to the Subpoena.

We will keep AT&T informed regarding our progress in attempting to reach a resolution with Plaintiffs' counsel. If there are any questions or concerns in the interim, please feel free to contact me at angela.agrusa@dlapiper.com or 310.500.3591. We appreciate your cooperation.

Very truly yours,

DLA Piper LLP (US)

*Angela Agrusa*

Angela C. Agrusa
Partner

Enclosures

EAST\157743082.1



Global Legal Demand Center

11760 US HIGHWAY 1
SUITE 600
NORTH PALM BEACH, FL 33408-3029
(800) 635-6840
(888) 938-4715 (Fax)

July 10, 2018

SPORTS TRINITY

VENICE, CA 90291

Re: Notice of Subpoena for Records
Account Number:
File: 2491301.001

Dear Valued AT&T Customer:

The AT&T Global Legal Demand Center responds to subpoenas addressed to AT&T companies ("AT&T"). We have received the enclosed civil subpoena directing AT&T to disclose information about you, your account, or one or more phone numbers associated with you. As a courtesy, we are sending this notice to the billing address for your account to enable you to contest the subpoena if you wish to do so.

You may contest the subpoena in accordance with the rules of the court or agency issuing it. You may also request the attorney or other person responsible for issuing the subpoena to withdraw or modify the subpoena voluntarily. AT&T does not give legal advice to its customers or make filings on their behalf. If you need assistance or have further questions, we recommend that you consult an attorney of your choice. If you are not represented by an attorney and do not wish to retain counsel at this time, you may discuss the subpoena directly with the attorney or other designated contact(s) specified in the subpoena.

AT&T plans to respond to this subpoena on 7/16/2018. If before such response date we receive a copy of your filing contesting the subpoena, AT&T will respond to the subpoena in accordance with the subsequent ruling of the court. Required documentation should be faxed to the AT&T Global Legal Demand Center (fax number 888-938-4715) with the above-referenced AT&T File No. on the transmittal.

We hope you will find this courtesy notice helpful.

Thank you for choosing AT&T.

Sincerely,

Global Legal Demand Center

LAM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>Defendants. | Case No. 2:18-CV-02421-JFW-E<br><br>The Honorable John F. Walter<br><br>The Honorable Charles F. Eick<br><br>**PLAINTIFFS' SUBPOENA FOR DOCUMENTS TO AT&T MOBILITY LLC** |

YOU ARE HEREBY COMMANDED, pursuant to Fed. R. Civ. P. 45, to produce the documents and things designated herein for inspection at the offices of Boies Schiller Flexner LLP, 575 Lexington Ave., 7th Floor, New York, New York 10022, within seven (7) days of service, as provided under the Federal Rules of Civil Procedure. This subpoena for documents, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the definitions and instructions identified below.

## DEFINITIONS AND INSTRUCTIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure, and for purposes of this Subpoena, the following instructions and definitions shall apply:

1. The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (e.g., "ing," "ed") shall be construed to include each other. The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

1

2. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

3. The term "concerning" means "relating to," "referring to," "describing," "evidencing" or "constituting."

4. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a)(1)(A). The terms "document" and "documents" are defined to include all writings of every kind and all electronically stored information ("ESI"), including but not limited to videos, photographs, sound recordings, images, charts, maps, records, memoranda, correspondence, handwritten or typewritten notes, calendars, diaries, telephone messages, data or data compilations, emails, attachments to emails, instant messages, PowerPoint presentations, spreadsheets, all other writings in hard copy or in electronic form, and all other material stored on computers, computer discs, CDs, DVDs, Blackberry or smartphone devices, tablets, personal digital assistants, USB "thumb" drives, electronic calendars, and telephone systems.

5. A draft of a non-identical copy is considered a separate document.

6. The terms "electronically stored information" and "ESI" are defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). "ESI" includes data on all servers, including IP addresses, MAC addresses, active data, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Requests may be found.

7. The terms "you" and "your" shall mean and refer to AT&T Mobility LLC and any parent, predecessor, subsidiary, affiliate, successor, member and/or affiliated entities, past or

present, of AT&T Mobility LLC and any person or entity, past or present, acting on behalf of AT&T Mobility LLC, including but not limited to, each of its respective present and former officers, executives, partners, directors, employees, attorneys, agents, and/or representatives.

8. The term "including" shall be construed as "including, but not limited to."

9. When referring to a person, "to identify" means to give, to the extent known, the person's full name and present or last known address.

10. Any reference to a person that is a business entity and is not otherwise defined includes that person's predecessors (including any pre-existing person that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors and franchisees; each other person, directly or indirectly owned or controlled by any of them; each partnership or joint venture to which any of them is a party; all present and former directors, officers, employees, agents, consultants, controlling shareholders (and any entity owned by any such controlling shareholder), and attorneys of any of them; and any other person acting for or on behalf of any of them.

11. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

12. Pursuant to 45(e)(1)(a) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the

3

server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

13. If you file a timely objection to any portion of a Request, definition, or instruction, provide a response to the remaining portion.

14. The time period to which these Requests refer is from May 1, 2017 to the present. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

15. The "Phone Number" means (310) 554-3646.

16. The term "subscriber" shall mean and refer to all persons and entities in whose name the Phone Numbers are registered.

17. The terms defined above and used in each of the Requests should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

### Document Request No. 1

Documents sufficient to identify the names and addresses of the subscriber or subscribers identified by the Phone Number from May 1, 2017 to the present.

### Document Request No. 2

Call logs or documents reflecting the telephone numbers called and received concerning the use of the Phone Number from May 1, 2017 to the present.

**Document Request No. 3**

Text message or SMS logs or documents reflecting records of transmission of text or SMS messages sent and received concerning the use of the Phone Number from May 1, 2017 to the present.

Dated: June 27, 2018
Washington, D.C.

/s/ *Amy Neuhardt*
Amy Neuhardt
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
Email: aneuhardt@bsfllp.com

*Counsel for Plaintiffs*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY
*Plaintiff*

v.

STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and JOHN DOES 1-10
*Defendant*

Civil Action No. 2:18-cv-02421-JFW (Ex)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: AT&T Mobility LLC
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see attached

| Place: Boies Schiller Flexner LLP<br>575 Lexington Ave., 7th Floor<br>New York, New York 10022 | Date and Time:<br>07/05/2018 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/27/2018

*CLERK OF COURT*

_____    OR    /s/ Amy Neuhardt
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Broidy Capital Management LLC and Elliott Broidy, who issues or requests this subpoena, are:
Amy Neuhardt; 575 Lexington Ave., 7th Floor New York, New York 10022; aneuhardt@bsfllp.com; (202) 274-1137

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).